## Continental Rubber Works v. Local 61, etc.

*Gifford, Graham, MacDonald & Illig*, by *John Britton* and *Irving Murphy*, for plaintiff.

*James G. Hanes* and *Robert J. Kelleher*, for defendants.

EVANS, P. J., September 9, 1963.—Before us is a petition to compel compliance by defendants with an order of this court dated August 23, 1963. The factual background of the controversy is as follows.

On August 14, 1963, plaintiff in a complaint in equity averred that on July 1, 1963, defendant union at the termination of its written collective bargaining agreement with plaintiff called its member employes of the plaintiff out on a strike which continued thereafter with pickets established who functioned legally until August 12, 1963.

On that date and thereafter, pickets appeared in large numbers and at all entrances to plaintiff's premises arrogating to themselves the power to exclude from plaintiff's premises all except two officers of the company, a telephone switchboard operator, three secretaries, six office personnel, and one uniformed guard per shift. Irreparable damage in several respects was averred and a preliminary injunction sought.

A rule to show cause was granted, returnable August 14, 1963, at 3 p.m. (DST), at which time defendants appeared and the writer of this opinion stated that he would not grant a preliminary injunction forthwith, but would do so immediately on further representation that defendants were unwilling to discontinue unlawful seizure of plaintiff's premises.

The illegal activities of defendants continued and

on August 23, 1963, on application of plaintiff, the court granted the preliminary injunction asked for, effective upon filing of plaintiff's bond in the sum of $5,000. The bond with proper surety was approved by the court and filed by plaintiff. The court, on petition and after a hearing on August 28, 1963, ordered that the injunction remain in effect until final hearing. A specific number of pickets was authorized.

On August 27, 1963, plaintiff filed a petition now before us seeking an order to compel compliance with our decree of August 23, 1963, granting preliminary injunction. The parties stipulated that the testimony taken August 28, 1963, be considered as applicable both to the proceedings for continuance of the preliminary injunction and in connection with the petition to compel compliance with our court order.

At this hearing it was shown without any dispute on the facts that the Sheriff of Erie County on several occasions attempted to open a passageway in a crowd which, at various times, consisting of upwards of 200 persons, continued to block the entrances and exits of plaintiff's manufacturing plant. The sheriff and his deputies patiently and without force submitted to being pushed back. However, on the date of the hearing it was shown that the unlawful assembly increased to approximately 1,000 people who in concert continued their previous acts of obstruction to the carrying out of the court's order. It was shown that in the large assembly on that date were 109 members of defendant union, including most of these defendants.

Lack of sufficient proof of active participation resulted in the court discharging Emil Sachse, Louis Arduini, and Lawrence Schroeck. Alfred Peterson was also discharged for the reason that the sheriff was unable to find him and he therefore had no notice to appear and answer with respect to his responsibility and participation.

The other defendants, individually and as officers of the union, were positively identified as mingling with and participating in the mass demonstrations of resistance to the court's injunctive order. Only Thomas Hecker took the stand in his own behalf and testified that he told some of those illegally acting to desist. However, as president of the union and individually, he did nothing more. He did not actively take steps to influence or direct the members of his union against their unlawful and concerted obstruction to those legally entitled to enter and leave plaintiff's manufacturing plant. In his official position and with the power of control which he should have attempted to use in the circumstances, we conclude that his merely standing with the group and saying in effect, "Don't do it" was wholly insufficient.

The offense here before us is a proceeding under which civil contempt of the court's injunctive order is and must be declared. The nature and character of this offense is fully analyzed in Philadelphia Marine Trade Association v. International Longshoremen's Association, 392 Pa. 500. See also Commonwealth ex rel. Beghian v. Beghian, 408 Pa. 408.

We also refer to a full discussion of the offense and the proper relief which may be declared as contained in an opinion of Judge Burton R. Laub in Erie Resistor Corporation v. International Union of Electrical, Radio, and Machine Workers, AFL-CIO Local 613, at May term, 1969, no. 9, in equity.

We specifically note that this proceeding is not for the purpose of inflicting punishment for past offenses but to coerce defendants into compliance with the court's injunctive order and possibly to compensate plaintiff for losses which may be sustained. It must be also noted that if defendants, or any of them, following this decree abide by the court's order in which the preliminary injunction was continued, they can and will

be relieved of the penalties which we in our order will impose. In case they or any of them individually or in concert with others, continue to participate in the illegal mass picketing which has been conclusively shown, penalties inflicted will be enforced and under certain circumstances might be increased, all and only to the end that the court's order or orders in the injunction proceeding will be observed.

In Philadelphia Marine Trade Assn. v. International Longshoremen's Assn., cited before herein, it is clearly pointed out that an overall factual situation may exist and show both criminal and civil contempt but that, as stated hereinbefore, an adjudication of civil contempt has for its purpose only the objective of enforcing an injunctive decree. It operates in the future to compel obedience to lawful process and to protect the court from public insult. In proceedings seeking a decree of civil contempt, persons who are charged with participating in mass resistance to a court order are not entitled to a jury trial. We refer again to the Philadelphia Marine case which so holds. The motion filed for a jury trial has by separate order been refused.

### FINDINGS OF FACT

1. Local 61 of the United Rubber, Cork, Linoleum and Plastic Workers of America, through its officers and members of their own volition by themselves and acting in concert with others within and without the union membership, has followed a consistent pattern of violence, threats, intimidation, mass picketing and exclusion of persons from plaintiff's plant contrary to law and in direct violation of the injunctive decree heretofore entered and is therefore guilty of civil contempt justifying the entry of coercive measures to insure compliance to said decree in the future.

2. Thomas Hecker, President of Local 61, and a member thereof, has followed a consistent pattern of

violating the injunctive decree heretofore entered by indulging in attempted violence and obstructing the sheriff in the performance of his duties in maintaining peace and good order and has been present aiding and abetting individual members of his union to violate said decree and is therefore guilty of civil contempt justifying the entry of coercive measures to insure his individual compliance with the said decree in the future.

3. Defendant Donald Wheeler, an officer of Local 61, and a member thereof, has followed a consistent pattern of violating the injunctive decree heretofore entered by indulging in attempted violence and obstructing the sheriff in the performance of his duties in maintaining peace and good order and has been present aiding and abetting individual members of his union to violate said decree and is therefore guilty of civil contempt justifying the entry of coercive measures to insure his individual compliance with the said decree in the future.

4. Defendant Fred Oberdofer, an officer of Local 61, and a member thereof, has followed a consistent pattern of violating the injunctive decree heretofore entered by indulging in attempted violence and obstructing the sheriff in the performance of his duties in maintaining peace and good order and has been present aiding and abetting individual members of his union to violate said decree and is therefore guilty of civil contempt justifying the entry of coercive measures to insure his individual compliance with the said decree in the future.

5. Defendant Samuel Caldwell, an officer of Local 61, and a member thereof, has followed a consistent pattern of violating the injunctive decree heretofore entered by indulging in attempted violence and obstructing the sheriff in the performance of his duties in maintaining peace and good order and has been

present aiding and abetting individual members of his union to violate said decree and is therefore guilty of civil contempt justifying the entry of coercive measures to insure his individual compliance with the said decree in the future.

### ORDER

And now, to wit, September 9, 1963, the rule entered August 27, 1963, to show cause why the within named defendants should not be held in civil contempt and why coercive sanctions should not be entered against them is discharged as to defendants Louis Arduini, Alfred Peterson, Emil Sachse, and Lawrence Schroeck, and is made absolute as to defendant United Rubber, Cork, Linoleum and Plastic Workers of America Local 61, and defendants Thomas Hecker, Donald Wheeler, Fred Oberdofer, and Samuel Caldwell, and the following order is entered as to them:

1. Defendant Local 61 is directed to pay a fine of $5,000 within three days following the entry of the within order, such fine to be paid to the prothonotary for the uses and upon the conditions hereinafter to be stated, or at its option defendant Local 61 may within said time file of record with the prothonotary a judgment bond in the amount of $10,000 with one sufficient surety to be approved by the court conditioned upon faithful compliance in every material respect with the injunctive decree heretofore entered in the within case, such bond to be given in favor of the Prothonotary of Erie County in trust nevertheless for the uses and purposes stated in this order.

2. Upon payment of the fine mentioned in paragraph (1) of this order or upon the filing of a satisfactory bond, as therein mentioned, the same shall be retained by said prothonotary until further order of court.

3. In the event that the injunctive decree heretofore entered is substantially obeyed during the remainder

of its effective life by defendant Local 61, the fine paid is to be returned to said defendant by the prothonotary on order of the court less poundage, or, if security is entered as set forth in paragraph (1) hereof the obligation of the bond will be discharged by the court on due proof of compliance.

4. If defendant Local 61 substantially disobeys the injunctive decree heretofore entered, then upon application by the plaintiff and due proof of violation, the entire fine or the security entered in lieu thereof will be declared forfeited and applied as follows:

(a) The sum of $500 for each day of violation shall be declared forfeited and shall be paid to the County of Erie whether or not damage is suffered by plaintiff.

(b) Damages will be assessed in an amount not in excess of $1,000 a day to be paid to the plaintiff upon due proof that the same has been sustained up to and including the time of hearing plaintiff's application for forfeiture.

(c) If upon application by the sheriff it is duly shown that defendant Local 61 has substantially violated the injunctive decree heretofore mentioned and it is determined by the court that the sum mentioned in subparagraph (a) hereof should be declared forfeited or that damages should be paid to the plaintiff according to the provisions of subparagraph (b) hereof, or both, then and in that event any overplus remaining in the fine or forfeited bond shall be retained by the prothonotary until the determination of the present suit at which time said overplus will be applied to damages not already paid, but proved to have been sustained by the plaintiff as a result of defendants' disobeying the injunction, and to the costs of suit including the costs of the enforcement proceedings. If after such application has been made there still remains an overplus the same shall be returned to the defendant Local 61.

5. In the event that defendant Local 61 does not pay the fine imposed in paragraph (1) hereof or post security as therein required, then upon praecipe of plaintiff the prothonotary is directed to enter judgment in favor of himself as trustee and against defendant Local 61 in the amount of $5,000 and shall issue execution thereon and proceed to sale as provided by law, the proceeds of execution and sale to be held by the prothonotary for the purposes herein mentioned.

6. Defendants Thomas Hecker, Donald Wheeler, Fred Oberdofer, and Samuel Caldwell, are each directed to pay a fine of $500 within three days following the entry of this order, such fines to be paid to the prothonotary and retained by him for the uses and upon the conditions hereinafter to be stated.

7. If, after payment of the fines mentioned in paragraph (6) hereof, defendants Thomas Hecker, Donald Wheeler, Fred Oberdofer, and Samuel Caldwell, as individuals, shall substantially obey the injunctive decree heretofore entered during the remainder of its effective life the said fines shall be returned to said defendants by the prothonotary on order of the court, less poundage.

8. If after payment of the fines mentioned in Paragraph (6) hereof, defendants Thomas Hecker, Donald Wheeler, Fred Oberdofer, and Samuel Caldwell, as individuals, do not substantially obey the injunctive decree heretofore entered during its effective life, then upon due proof of violation and upon application by plaintiff, the fine so paid by a defaulting defendant will be declared forfeited to the County of Erie.

9. If defendants, named in Paragraph (6) above, or any of them fail to pay the fine mentioned in said paragraph (6) hereof within three days following the entry of this order, the prothonotary is directed to issue a bench warrant directed to the Sheriff of Erie County commanding him to attach such defaulting individual

and to lodge him in the Erie County Prison at the cost of plaintiff until such time as the fine has been paid, the labor dispute has been settled, or defendant is otherwise discharged according to law. Defendants, Local 61 and Thomas Hecker, Donald Wheeler, Fred Oberdofer, and Samuel Caldwell, shall pay the costs of this enforcement proceeding in equal shares.

EVANS, P. J., October 18, 1963.—On August 14, 1963, a hearing was held, at which time it was shown that the defendant-union, #61, Thomas Hecker, Donald Wheeler, Fred Oberdofer and Samuel Caldwell, officers of said union, with many other persons, were engaged in unlawful mass picketing in violation of our injunctive order previously made and during a strike at the Continental Rubber Works in Erie, Pa.

For this reason we directed that the union deposit $5,000 and the individual officers each deposit $500 with the Prothonotary of Erie County for further order with respect to fines and possible damages if such unlawful picketing continued.

We have now before us a petition on behalf of these defendants seeking the return of the sums deposited for the reason that immediately subsequent to our order, illegal picketing was discontinued. A hearing was fixed for October 14, 1963, at which time Sheriff John L. Coates testified that the representations of full discontinuance of the illegal picketing were true. Under such circumstances the deposited funds should be returned forthwith less poundage and costs.

And now, to wit, October 18, 1963, the Prothonotary of Erie County is directed to return to United Rubber, Cork, Linoleum and Plastic Workers of America, Local 61, the sum of $5,000 less poundage and costs in this proceeding, and return to Thomas Hecker, Donald Wheeler, Fred Oredofer and Samuel Caldwell each the sum of $500 less poundage and the costs in this proceeding.